UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL WILLIAM LADEWIG,

                Plaintiff,

    v.                                        Case No. 23-cv-1386-pp

AMANDA PEREZ, DR. PHILLIP WHEATLEY,
BRYAN ROYCE and TYLER COENEN,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS ROYCE AND COENEN (DKT. NO. 43), DENYING AS MOOT DEFENDANT COENEN'S MOTION TO DISMISS (DKT. NO. 35) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 30)**

---

Plaintiff Michael William Ladewig is proceeding on Eighth Amendment claims against officials at Oshkosh Correctional Institution under 42 U.S.C. §1983. On February 28, 2024, defendant Tyler Coenen moved to dismiss the complaint against him for failure to state a claim. Dkt. No. 35. The court ordered the plaintiff to respond to that motion by March 20, 2024. Dkt. No. 42. On March 8, 2024, the court received a letter from the plaintiff in which he says that he "<u>will</u> <u>be</u> <u>dropping</u> defendants Bryan Royce and Tyler Coenen from [this] case." Dkt. No. 43. The plaintiff says he "has just learned that Bryan Royce and Tyler Coenen was [*sic*] not and are not employed by the department of corrections." <u>Id.</u> He says that he "feels this would be in his best interest," though he acknowledges that he also "feels that Bryan Royce and Tyler Coenen played a role in his situation [*sic*]." <u>Id.</u> The plaintiff clarifies that he "<u>will</u> <u>not</u> <u>be</u> dropping Dr. Phillip Wheatl[e]y or Amand[a] Perez from [this] case." <u>Id.</u>

1

Under Federal Rule of Civil Procedure 41, a plaintiff may dismiss defendants from a lawsuit without a court order by filing either "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Defendant Royce answered the complaint on February 13, 2024. Dkt. No. 34. Defendant Coenen did not file an answer but did file the motion to dismiss. Dkt. No. 35. The plaintiff did not file a signed stipulation of dismissal from defendants Royce and Coenen. That means the plaintiff may dismiss those defendants only with a court order. See Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule states that such a dismissal is without prejudice. Id.

The court finds that dismissal of defendants Royce and Coenen without prejudice is proper and will grant the plaintiff's request to dismiss those defendants. Because the court is dismissing defendant Coenen, the court will deny as moot his motion to dismiss for failure to state a claim.

Also before the court is the plaintiff's motion to appoint counsel. Dkt. No. 30. The plaintiff says that his case "is more th[a]n he can handle" because there are "4 defendants with 3 lawyers," and he "is a 'Dummy to the law.'" Id. The plaintiff says he believes that "his case has merit" and that "the court believes he has merit." Id. He says he "does not[] believe he has the resource's [sic] available to him" and "believes this is in his best intrest [sic]." Id. The

plaintiff does not say whether he has attempted to obtain counsel on his own, but he attached two letters from law firms who declined his request to represent him. Dkt. No. 30-1 The first letter does not provide a specific reason other than that the plaintiff is "not a client of the firm." Id. at 1. It advises the plaintiff to "immediately contact another attorney to review [his] case." Id. (emphasis omitted). The second letter is from a firm located in Tucson, Arizona. Id. at 2. It notes that the firm is "unable to assist [the plaintiff]" because it "do[es] not have any attorneys licensed in [his] state." Id.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth.,

930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the

plaintiff's individual competence to litigate those claims without counsel."
Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at
"whether the difficulty of the case, factually, legally, and practically, exceeds
the litigant's capacity as a layperson to coherently litigate the case." Id. This
includes "all tasks that normally attend litigation," such as "evidence gathering,
preparing and responding to court filings and motions, navigating discovery,
and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's
literacy, communication skills, education level, litigation experience,
intellectual capacity, psychological history, physical limitations and any other
characteristics that may limit the plaintiff's ability to litigate the case." Id. at
491. In situations where the plaintiff files his motion in the early stages of the
case, the court may determine that it is "impossible to tell whether [the
plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not satisfied either element for the court to recruit him
counsel. The plaintiff provided only two letters from firms that he contacted on
his own seeking their help with his case. He did not provide the letters he sent
to the firms and does not mention their rejection letters in his motion to
appoint counsel. Neither letter comments on the merits of the plaintiff's case.
One notes that the firm has no attorneys licensed in Wisconsin who could
represent the plaintiff. (There are many lawyers in Wisconsin; it is not clear
why the plaintiff would seek out a lawyer in another state.) The plaintiff may
have made additional efforts to obtain an attorney on his own, but his motion
does not discuss any. The court finds that the plaintiff has not shown that he

made a sufficient attempt to obtain an attorney on his own before seeking the court's assistance.

Even if the plaintiff had satisfied the first element for recruiting counsel, he has not satisfied the second element. The reasons the plaintiff gives for needing counsel's assistance is that this case "is more than he can handle," and he "is a '[d]ummy to the law.'" Dkt. No. 30. He has not explained why he cannot handle the case on his own at this stage. He notes that there are four defendants with three attorneys, but that no longer is correct. The court is granting the plaintiff's motion to dismiss two of those defendants; he is now proceeding against only two defendants who are represented by the same attorney. The plaintiff says that he is unfamiliar with the law, but that alone is not reason to recruit him a volunteer attorney. As the court has explained, most incarcerated litigants know little to nothing about the law, and likely all incarcerated litigants would benefit from having counsel's assistance. But the resource of volunteer counsel is very limited, so the court must use its discretion to recruit an attorney only for those most in need of assistance. See Lockridge v. Larson, No. 23-2423, 2024 WL 774370, at *3 (7th Cir. Feb. 26, 2024) (citing Mejia v. Pfister, 988 F.3d 415, 420 (7th Cir. 2021)). The plaintiff has not sufficiently explained why he falls into that category.

This case is at a very early stage. The court has screened the complaint, and the two remaining defendants have filed their responses to the complaint. Next, the court will issue a scheduling order with additional information and directions for the parties about how to move forward. As the case progresses,

the legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If that occurs, it may be appropriate for the court to recruit counsel to represent the plaintiff. But at this early stage of the proceedings, it is impossible to tell whether the plaintiff will need counsel's assistance to present his case. The court will deny the plaintiff's motion to appoint counsel without prejudice. That means he may renew his request later if he still believes he needs counsel's assistance to litigate this case adequately. The court takes no position on the merits of the plaintiff's remaining claims against defendants Wheatley and Perez.

The court **GRANTS** the plaintiff's motion to dismiss defendants Bryan Royce and Tyler Coenen. Dkt. No. 43. The court **ORDERS** that defendants Royce and Coenen are **DISMISSED**.

The court **DENIES AS MOOT** defendant Coenen's motion to dismiss for failure to state a claim. Dkt. No. 35.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 30.

Dated in Milwaukee, Wisconsin this 26th day of March, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**