UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL WILLIAM LADEWIG,

Plaintiff,

v. Case No. 23-cv-1386-pp

AMANDA PEREZ, *et al.*,

Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 50) AND DISMISSING CASE**

---

Plaintiff Michael William Ladewig, who is incarcerated and is representing himself, is proceeding under 42 U.S.C. §1983 on claims against medical officials at Oshkosh Correctional Institution. The defendants have moved for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before filing his complaint. Dkt. No. 50. The plaintiff opposes the motion. The court finds that the plaintiff failed to exhaust his administrative remedies, will grant the defendants' motion and will dismiss this case without prejudice.

**I. Facts**

A. Procedural Background

On October 17, 2023, the court received the plaintiff's complaint asserting claims against Nurse Amanda Perez and Dr. Phillip Wheatley at Oshkosh and against Dr. Bryan Royce and Tyler Coenen at Mercy Hospital. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to

proceed on Eighth Amendment claims against all defendants. Dkt. No. 7. But the court explained that it could not "determine from the complaint whether defendants Royce and Coenen were state actors when they treated the plaintiff." Id. at 9. The court assumed—for screening purposes only—that Royce and Coenen "were acting under color of state law when they treated the plaintiff" and allowed the plaintiff "to proceed on his claims against them." Id. at 10. Defendant Coenen later moved to dismiss the complaint against him for failure to state a claim. Dkt. No. 35. In response, the plaintiff asked the court to dismiss both Coenen and Royce as defendants. Dkt. No. 43. The court granted the plaintiff's motion and dismissed Coenen and Royce. Dkt. No. 47.

On April 10, 2024, the court issued a scheduling order setting deadlines for the defendants to move for summary judgment on exhaustion grounds (June 10, 2024), and for the parties to complete discovery and file dispositive motions on the merits. Dkt. No. 49. At the June 10, 2024 deadline, the remaining defendants moved for summary judgment on exhaustion grounds. Dkt. No. 50. The court granted the defendants' motions to stay the deadlines for discovery and dispositive motions on the merits pending a decision on their motion for summary judgment on exhaustion grounds and ordered the plaintiff to respond to that motion by July 10, 2024. Dkt. Nos 55, 61. The plaintiff timely filed his response materials. Dkt. Nos. 56, 57. The defendants did not file a reply brief or additional materials in support of their motion. The motion is fully briefed and ready for the court's disposition.

B. Factual Background

The plaintiff did not file separate responses to the defendants' brief and their proposed findings of fact. He filed a single document responding to the defendants' brief *and* their proposed facts. Dkt. No. 56. The response lists only one proposed fact with which the plaintiff disagrees, but the plaintiff does not cite any evidence in support of his proposed disagreement. Id. at 1. The court previously explained to the plaintiff that he "must support every disagreement with a proposed fact by citing to evidence." Dkt. No. 55 at 1. Because the plaintiff failed to comply with the court's order and does not support his single factual disagreement by citing evidence in the record, the court will consider the defendants' proposed facts to be undisputed and admitted for purposes of this decision. See Civil Local Rule 56(b)(2)(B)(i) (E.D. Wis.), (4); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] failure to respond by the nonmovant as mandated by the local rules results in an admission.").

1. *The Defendants' Proposed Facts*

The plaintiff was housed at Oshkosh at all relevant times. Dkt. No. 52 at ¶1. The court allowed the plaintiff to proceed on claims that Nurse Perez did not provide adequate treatment of his injured right middle finger on July 4, 2023, and Dr. Wheatley did not give him an x-ray of his finger until a week later and delayed his appointment with Dr. Royce (who is no longer a defendant). Id. at ¶2 (citing Dkt. No. 7).

According to the defendants' review, the plaintiff submitted three institutional complaints that may relate to his Eighth Amendment claims

against Perez and Wheatley. Id. at ¶¶13–14. The defendants provide no detail about these complaints in their proposed facts, merely citing the three complaint reports. Id. at ¶¶16–18. But they do detail the complaints in the facts section of their brief in support of their motion for summary judgment. Dkt. No. 51 at 2–4.

a. OSCI-2023-11460

The plaintiff initially submitted the first complaint on July 12, 2023, and the complaint examiner's office received it the next day. Dkt. No. 53-2 at 12–15. The plaintiff alleged that he "was not seen in a timely manner," that Perez "took no action" on his injured finger and that Wheatley did not provide him an x-ray of his injured finger for six days. Id. at 12. A complaint examiner returned the complaint to the plaintiff with a letter explaining that he first needed to attempt to resolve the issue informally by contacting the Health Services Unit (HSU) Manager or Assistant Manager, wait for their response and then include their response with his resubmitted complaint. Id. at 14. The complaint examiner told him to wait no longer than ten days before resubmitting the complaint, using their response date as the new filing date for his complaint. Id.

The plaintiff did not follow these instructions; on July 18, 2023, he submitted an appeal to the corrections complaint examiner's office. Id. at 16–20. His appeal reiterated his allegations about his broken finger and his delayed and inadequate treatment he received in the HSU. Id. at 16, 18. The corrections complaint examiner's office received the appeal on July 24, 2023, and returned it to the plaintiff. Id. at 22. A corrections complaint examiner sent

an accompanying letter explaining that the plaintiff's appeal was not accepted because it did not include a complaint file number. Id.

On August 2, 2023, the plaintiff resubmitted his complaint alleging that he "was not seen in a timely manner" and had to wait six days for an x-ray on his injured finger. Id. at 10–11. The plaintiff alleged that he sent a request to the HSU Manager and Assistant Manger but "ha[d] not heard back." Id. at 10. He said it had "been more than 10 days since [he] sent [the] request" to the HSU Manager and Assistant Manager. Id.

The complaint examiner's office received the resubmitted complaint the same day. Id. at 2. On August 30, 2023, a complaint examiner reviewed the plaintiff's allegations and the procedural history of the complaint, noting that the plaintiff first submitted the complaint in July 2023 and that the complaint examiner's office returned the complaint to him and explained what he should do before resubmitting his complaint. Id. at 2–3. The complaint examiner recounted that instead, the plaintiff had mailed an appeal to the corrections complaint examiner, who returned the appeal to the plaintiff. Id. at 3. The plaintiff then had resubmitted his complaint, dated August 2, 2023. Id. The complaint examiner determined that the plaintiff's resubmitted complaint was untimely because he did not resubmit it within ten days of when the complaint examiner returned his initial complaint. Id. (citing Wis. Admin. Code §DOC 310.10(5)). The complaint examiner explained that the plaintiff was "aware of this returned complaint, most likely receiving it back on 07/14/23, the next day," and that his resubmission was "beyond the 10-day time limit to refile a

returned complaint." Id. The plaintiff's complaint did not request that the complaint examiner accept his complaint as untimely and did not provide any reason why he did not resubmit it within the ten-day deadline. Id. at 3–4. The complaint examiner rejected the plaintiff's resubmitted complaint as untimely without considering the merits. Id. at 4. The complaint examiner then explained that the plaintiff could appeal the rejection of his complaint within ten days by submitting a "Request for Review of Rejected Complaint" to the Reviewing Authority. Id.

The defendants assert that the plaintiff did not appeal the complaint examiner's rejection of his resubmitted complaint. Dkt. No. 51 at 4. The attached documents of the plaintiff's institutional complaint history do not contain an appeal and do not show that the complaint examiner's office received one for this complaint. Dkt. No. 53-2 at 9. The plaintiff says in his response to the defendants' brief and proposed facts that he "di[d] place in the OSCI w building mailbox, an appeal of rejected complaint to Warden Cheryl Eplett." Dkt. No. 56 at 1. He says "he never received [a] response and therefore considered the matter exhausted." Id. But as the court has explained, the plaintiff cites no evidence in support of this statement, and he does not attest that the information in his response is true under penalty of perjury.

b. OSCI-2023-12282

The plaintiff submitted this institutional complaint on August 16, 2023, alleging that Dr. Wheatley was not providing him pain medication that he needed to address the pain caused by wearing the splint on his broken finger.

Dkt. No. 53-3 at 10–11. The complaint examiner's office received the complaint the next day; and on September 14, 2023, a complaint examiner recommended dismissing the complaint because the HSU Manager had addressed the situation. Id. at 2–3. The reviewing authority did not accept that recommendation and affirmed the plaintiff's complaint because his request for non-formulary pain medication had not yet been approved or denied. Id. at 5.

c. OSCI-2023-12311

On August 18, 2023, the complaint examiner's office received the plaintiff's third complaint, again asserting that he was not being provided pain medication for his broken finger. Dkt. No. 53-4 at 1, 7–8. The plaintiff dated this complaint August 19, 2023, even though the complaint examiner's office recorded receiving it a day earlier. Id. On September 14, 2023, the same complaint examiner recounted that the plaintiff already had submitted an institutional complaint about this issue, and that that complaint was not yet exhausted because the reviewing authority had not yet provided her decision. Id. at 2. The complaint examiner rejected this complaint as a duplicate of OSCI-2023-12282 and advised the plaintiff that he could appeal within ten days. Id. at 3. The plaintiff did not appeal the rejection of this complaint.

2. *The Plaintiff's Declaration and Exhibits*

The plaintiff filed a declaration that he declares to be true under penalty of perjury. Dkt. No. 57. The court will consider these statements in deciding the defendants' motion. But nearly all these statements relate to the plaintiff's injury and the medical treatment he says received (or did not receive) for that

injury. Id. at ¶¶2–8. These statements go to the *merits* of the plaintiff's claims, which are not the issue in this decision. The plaintiff's declaration contains only two statements related to his efforts to exhaust his administrative remedies.

The plaintiff avers that on August 2, 2023, he submitted an institutional complaint "in regards to not being seen in a timely manner." Id. at ¶9. He says nothing about his initial submission of this complaint on July 12, 2023, the complaint examiner's return letter or his appeal to the corrections complaint examiner. The plaintiff avers that on September 3, 2023, he "submitted a rejected complaint appeal form to the wardens office, which is the final step." Id. at ¶10. The plaintiff does not cite anything in support of these statements.

The plaintiff also attached 121 pages of exhibits, but he does not cite any specific page of these exhibits in his declaration or his response to the defendants' motion. Dkt. No. 57-1. The court is not required to wade through the plaintiff's exhibits to determine which pages, if any, are relevant to the statements in the plaintiff's declaration. See Federal Rule of Civil Procedure 56(c)(3); Jordan v. Block, Case No. 21-cv-1473, 2023 WL 6318742, at *3 (E.D. Wis. Sept. 28, 2023) (citing Gross v. Town of Cicero, Ill., 619 F.3d 697, 702 (7th Cir. 2010)). Nonetheless, the court's quick review of the plaintiff's attached exhibits reveals that they are medical documents. None of them relate to the plaintiff's efforts to exhaust his administrative remedies. The plaintiff did not attach a copy of any institutional complaint or the complaint appeal that he

says he submitted on September 3, 2023. The only evidence that the plaintiff submitted an appeal is his statement in his declaration.

## II. Discussion

### A. Summary Judgment Standard

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005).

### B. Exhaustion

Under the Prison Litigation Reform Act, an incarcerated person cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see Woodford v. Ngo, 548 U.S. 81, 93 (2006). To comply with §1997e(a), an incarcerated person must "properly

take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement applies to all suits filed by incarcerated persons "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), and expects incarcerated persons to adhere to "the specific procedures and deadlines established by the prison's policy," King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015) (citing Woodford, 548 U.S. at 93). "Exhaustion requires an incarcerated person to 'take each of the steps prescribed by the state's administrative rules governing prison grievances.'" Williams v. Rajoli, 44 F.4th 1041, 1045 (7th Cir. 2022) (quoting Chambers v. Sood, 956 F.3d 979, 983 (7th Cir. 2020)). That means if the plaintiff failed to complete *any step* in the prison's exhaustion process before bringing his lawsuit, the court must dismiss the plaintiff's claims. See Perez v. Wis. Dep't of Corrs., 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. See Pavey v. Conley, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)). If the defendants satisfy that burden, the court must dismiss the unexhausted claims and defendants without prejudice. See Ford v. Johnson,

362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

Wisconsin has established an institution complaint review system that allows incarcerated persons to file complaints about policies, rules, living conditions and staff actions at their institutions. Wis. Admin. Code §DOC 310.06. Incarcerated persons must exhaust all administrative remedies that the Department of Corrections has promulgated by rule before commencing a civil action against an officer, employee or agent of the DOC. Id. §DOC 310.05. Before filing a formal complaint, an incarcerated person must first attempt to resolve the issue informally within his institution. Id. §DOC 310.07(1). The complaint examiner may return an institutional complaint if it violates that rule and may give the plaintiff an opportunity to correct and resubmit a returned complaint. Id. §DOC 310.10(5). The incarcerated person receives only one opportunity to correct the complaint and must resubmit the corrected complaint within ten days. Id. The complaint examiner assigns a file number to an accepted or rejected complaint. Id. §310.10(3). The complaint examiner may reject a complaint for one of several reasons, including that the incarcerated person "submitted the complaint beyond 14 days after the date of the occurrence giving rise to the complaint and provides no good cause . . . to extend the time limits." Id. §310.10(6)(e). If the incarcerated person wishes to appeal a rejected complaint, he must do so "within 10 days" by writing "to the

appropriate reviewing authority who shall only review the basis for the rejection of the complaint." Id. §310.10(10).

C. Analysis

The undisputed evidence shows that the plaintiff submitted three institutional complaints about his medical treatment during the relevant time. The first complaint raises the same issues included in the plaintiff's §1983 complaint against Nurse Perez and Dr. Wheatley regarding his inadequate and delayed medical treatment. It is undisputed that a complaint examiner returned the plaintiff's complaint to him on July 13, 2023, and advised him to contact the HSU Manager or Assistant Manager, wait for their response and then resubmit his complaint. The complaint examiner told the plaintiff that he must do this within ten days, even if he had not received a response within that time.

It is undisputed that the plaintiff did not follow the complaint examiner's instructions. Instead he submitted an appeal to the corrections complaint examiner's office on July 18, 2023. But at that time, there was nothing to appeal. The complaint examiner's office had not assigned the plaintiff's complaint a file number because it had not accepted or rejected the complaint; it had returned the complaint to the plaintiff with instructions on how to proceed and resubmit the complaint. The corrections complaint examiner's office returned the appeal to the plaintiff because he had not listed a file number, which the complaint had not yet been assigned.

It was only after this incorrect and unnecessary appeal that the plaintiff resubmitted his complaint and stated that the HSU Manager and Assistant Manger had not responded to his request for information within ten days. But by the time the plaintiff resubmitted his complaint on August 2, 2023, more than ten days had passed since the complaint examiner returned the plaintiff's complaint to him on July 13, 2023. And more than fourteen days had passed since the incident of which the plaintiff complained, which he said occurred on July 4, 2023. The complaint examiner rejected the plaintiff's complaint because it was untimely under either of those deadlines, and the plaintiff did not provide any reason to excuse his late filing. The plaintiff has not alleged that he did not receive the complaint examiner's return letter or that he was unable to resubmit his returned complaint within the ten-day deadline to do so.

As the court explained above, the court strictly interprets the plaintiff's requirements for exhaustion under §1997e(a). His failure to follow *any* of "'the specific procedures and deadlines established by the prison's policy'" results in a failure to exhaust. Pyles v. Nwaobasi, 829 F.3d 860, 864 (7th Cir. 2016) (quoting King, 781 F.3d at 893). The undisputed facts show the plaintiff did not strictly follow the rules that the complaint examiner gave him for correcting and resubmitted his returned complaint. Under §DOC 310.10(5), the plaintiff had only one opportunity to correct and resubmit his returned complaint and he needed to do so within ten days. It is undisputed that the plaintiff did not comply with that rule and instead resubmitted his returned complaint twenty days later, after filing an unnecessary appeal to the corrections complaint

examiner's office. The complaint examiner properly rejected the plaintiff's complaint as resubmitted beyond the ten days to do so and untimely under the fourteen-day deadline to submit a complaint. See §DOC 310.10(6)(e).

There is a dispute whether the plaintiff submitted an appeal from the rejection of this complaint. The defendants assert that he did not, and his complaint history does not show an appeal of this complaint. The plaintiff avers that he submitted an appeal on September 3, 2023, but he did not provide a copy of that putative appeal. Nonetheless, the court finds that this dispute is not material and does not create a genuine issue of fact necessitating a hearing. A complaint that a complaint examiner has *rejected* for procedural reasons (including its untimeliness), rather than *dismissed* after a determination on its merits, does not exhaust an incarcerated person's administrative remedies. See Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005) (citing Pozo, 286 F.3d at 1025). The complaint examiner rejected complaint OSCI-2023-11460 *solely* for procedural reasons (its untimeliness) and did not consider the merits. That means that even if the plaintiff timely appealed his rejected complaint as he says he did, this complaint could not serve to exhaust his administrative remedies for his claims in this lawsuit. See Durley v. Kacyon, Case No. 21-cv-154-pp, 2022 WL 16530885, at *6 (E.D. Wis. Oct. 29, 2022) (analyzing cases showing that "if a complaint examiner relies *solely* on a procedural error when rejecting an incarcerated person's complaint, that complaint does not and will not exhaust the incarcerated person's administrative remedies, even if the incarcerated person timely appeals").

The plaintiff's other two complaints about his medical treatment also did not exhaust his administrative remedies. The defendants incorrectly state that the plaintiff did not appeal the reviewing authority's dismissal of complaint OSCI-2023-12282 about his pain medication. Dkt. No. 51 at 4. But the reviewing authority did not dismiss this complaint; the reviewing authority *rejected* the complaint examiner's recommendation and *affirmed* the plaintiff's complaint. Dkt. No. 53-3 at 5. The plaintiff did not need to appeal this affirmed complaint. The court encourages the defendants to read their submitted exhibits more carefully to avoid asserting factually incorrect statements and arguments. Nonetheless, the plaintiff's §1983 complaint does not allege anything about denied pain medication, and the court did not allow the plaintiff to proceed on a claim about pain medication. That means complaints OSCI-2023-12282 and OSCI-2023-12311 are not relevant to the plaintiff's claims in this lawsuit and did not exhaust his administrative remedies for those claims.

The defendants have satisfied their burden to show that the plaintiff failed to exhaust his administrative remedies before bringing the claims in this lawsuit. The court must dismiss this lawsuit without prejudice and without considering the merits of the plaintiff's claims. See Ford, 362 F.3d at 401; Perez, 182 F.3d at 536 (noting that where the defendants raise the issue of

exhaustion, a district court "must not proceed to render a substantive decision until it has first considered § 1997e(a)").[1]

## III. Conclusion

The court **GRANTS** the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 50.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff a "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing

[1] There are no unresolved questions of material fact regarding whether the plaintiff exhausted his administrative remedies, so the court has "no reason to conduct an evidentiary hearing" under Pavey, 544 F.3d 739. Aguirre v. Witek, Case No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (quoting Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).

fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of November, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**